IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. |
| Guardsmark LLC | § § § | |
| Defendant. | § | JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment discrimination on the basis of sex and to provide appropriate relief to Aneda T. Birkner, Danielle R. Jones, and other females who were adversely affected by such practices.

The U.S. Equal Employment Opportunity Commission ("EEOC" or the "Commission") alleges that Guardsmark LLC ("Guardsmark") violated Title VII by subjecting Aneda T. Birkner, Danielle R. Jones, and other female employees of Defendant to sex discrimination by succumbing to customer preference for male security guards and reassigning the women to inconvenient, lesser paying security guard positions. These allegations are discussed in greater particularity in paragraphs 8 through 10, below.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and

(3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, as amended 42 U.S.C. § 1981a.

2.  Venue is proper in this court because the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

3.  Plaintiff, Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) and (3).

4.  At all relevant times, Guardsmark LLC has been and is now doing business in the State of Texas and the City of Houston, and has continuously had more than fifteen employees. Defendant may be served by serving its registered agent for service of process, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 78701.

5.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit, Aneda T. Birkner and Danielle R. Jones filed charges with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit has been fulfilled.

7. Since at least January 2007, Defendant has engaged in unlawful employment practices at its Houston, Texas location, in violation of Section 703(a)(1) and (2) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and (2).

8. Aneda T. Birkner worked for Defendant as a security guard, and was stationed at a Houston trucking company. On or about March 10, 2007, Defendant's then Account Manager for the client, Michael Thomas, told Ms. Birkner that she would no longer be stationed at the trucking company because the client did not want women working as security guards. Defendant then reassigned Birkner to another security guard position at a different client site which was 20 miles further from her home, and where she earned $1.00 less an hour. Ms. Birkner complained to Thomas that her removal from the job was discriminatory, but he responded that although she did excellent work, there was nothing he could do because he had to please the client.

9. Guardsmark also employed Danielle R. Jones as a security guard at the same location. In July 2007, Guardsmark reassigned Ms. Jones to a different security guard post much farther from her home, and where she was to make $1.00 less an hour. Guardsmark officials told her she would be given a post closer to home, but that never happened. Even though the company advertised available positions near her home, these were not offered to her. When she asked Michael Thomas why she was not being considered for these jobs, he responded that the clients did not want women security guards.

10. In addition to Ms. Birkner and Ms. Jones, Guardsmark assigned female security guards such as Corisha Bass to particular client sites -- or removed them from certain sites and reassigned them to other sites -- because of client preferences for male security guards.

11. The effect of the practices complained of above in paragraphs 8 through 10 has been to deprive Ms. Birkner, Ms. Jones, Ms.Bass, and other current and former female

employees of Defendant of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

12. The unlawful employment practices described in paragraphs 8 through 10 were intentional.

13. The unlawful employment practices complained of in paragraphs 8-10 were done with malice and/or with reckless indifference to the federally protected rights of Ms. Birkner, Ms. Jones, Ms. Bass, and other current and former female employees of Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

14. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of sex.

15. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any unlawful retaliation against individuals who oppose employment practices reasonably believed to be unlawful under Title VII, or against individuals who assist, encourage, and/or support others who oppose employment practices reasonably believed to be unlawful under Title VII.

16. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities regardless of sex, and which eradicate the effects of its past and present unlawful employment practices.

17. Order Defendant to make whole Ms. Birkner, Ms. Jones, Ms. Bass, and other female class members by providing appropriate back pay, with prejudgment interest in amounts

to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

18. Order the reinstatement of Ms. Birkner, Ms. Jones, Ms. Bass, and the other female class members into comparable positions, or award them front pay in the amounts to be proven at trial if reinstatement is impractical.

19. Order Defendant to make Ms. Birkner, Ms. Jones, Ms. Bass, and the other female class members whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraphs 8 through 10, including, but not limited to, out-of-pocket expenses such as job search and insurance expenses in amounts to be proven at trial.

20. Order Defendant to make Ms. Birkner, Ms. Jones, Ms. Bass, and the other female class members whole by paying compensatory damages for past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses they suffered as a result of the unlawful employment practices described above, in amounts to be proved at trial.

21. Award punitive damages to Ms. Birkner, Ms. Jones, Ms. Bass, and the other female class members for Defendant's malicious and/or reckless conduct described in paragraphs 8 through 10 above, in amounts to be determined at trial.

22. Award pre-judgment and post-judgment interest on all amounts recovered as allowed by law.

23. Award the Commission its cost in this action.

24. Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMANDED

The Commission requests a jury trial on all questions of fact raised by its complaint.

    Respectfully submitted,

    **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

    JAMES LEE
    Deputy General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel
    131 M Street, N.E.
    Washington, D.C. 20507

By: /s/ Timothy M. Bowne
    Senior Trial Attorney
    Attorney-in-Charge
    Texas Bar No. 00793371
    Southern District of Texas No. 20023
    Houston District Office
    1919 Smith Street, 6th Floor
    Houston, Texas 77002
    Phone: (713) 209-3395
    Fax: (713) 209-3402
    Email: timothy.bowne@eeoc.gov

OF COUNSEL:

JIM SACHER
Regional Attorney
ROSE ADEWALE-MENDES
Supervisor Trial Attorney
Equal Employment Opportunity Commission
1919 Smith Street, 6th Floor
Houston, Texas 77002