IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff, | § § § § | |
| and | § § | |
| ANEDA BIRKNER, Plaintiff-Intervenor | § § § § | |
| v. | § § | C.A. NO. 4:09-cv-03062 |
| GUARDSMARK LLC | § § § | |
| Defendant. | § | **JURY TRIAL** |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
under Rule 26(f) of the
Federal Rules Of Civil Procedure**

1. **State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.**

   The parties conferred via telephone on January 21, 2010, from approximately 4PM to 4:45PM. Timothy M. Bowne represented Plaintiff EEOC; Jo Miller represented Plaintiff-Intervenor Aneda Birkner; and Edward R. Young and Robert Williams, Jr. represented Defendant Guardsmark, LLC.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   None.

3. **Briefly describe what this case is about.**

   EEOC alleges that Guardsmark violated Title VII by subjecting Aneda T. Birkner, Danielle R. Jones, and other female employees to sex discrimination. EEOC claims that Guardsmark

1

succumbed to customer preference for male security officers, and unlawfully removed female employees from duties they were performing successfully and reassigned them to inconvenient, lesser paying positions. Plaintiff-Intervenor Birkner joins EEOC's allegations, and also alleges that Defendant's practices violated the Equal Pay Act, as well as Title VII's prohibition against retaliation. Birkner further alleges that she was subjected to an unlawful hostile environment, in violation of Title VII, while working for Defendant.

Defendant denies that any of its actions violated either Title VII or the Equal Pay Act; it has asserted various affirmative defenses to Plaintiff's claims as reflected in its answers filed herein.

4. **Specify the allegation of federal jurisdiction.**

    Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331, 1337, and 1345.

5. **Name the parties who disagree and the reasons.**

    Defendant: Intervening Plaintiff has failed to exhaust her administrative remedies regarding her Title VII claims and she has failed to receive from the EEOC a Notice of Right to Sue before commencing her action.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

    Like Ms. Birkner, Danielle Jones has a right to intervene as a party to this lawsuit, but it is not currently anticipated that Ms. Jones will exercise that right. Defendant reserves the right to bring a third party action against any of its customers who are alleged to have stated a preference for male security officers and it will make its determination after further investigation and discovery but no later than April 15, 2010.

7. **List anticipated interventions.**

    Like Ms. Birkner, Danielle Jones has a right to intervene as a party to this lawsuit, but it is not currently anticipated that Ms. Jones will exercise that right.

8. **Describe class-action issues.**

   Although this lawsuit is not a "class action" governed by Fed. R. Civ. P. 23, the Plaintiff is seeking relief in this lawsuit for a class of women alleged to be victims of sex discrimination by Guardsmark's "Greater Houston Branch 13" branch office.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   The parties have agreed to exchange their disclosure pleadings and copies of disclosed documents by March 1, 2010.

10. **Describe the proposed agreed discovery plan, including:**

    A. **Responses to all the matters raised in Rule 26(f);**

       (1) The parties anticipate completing their disclosures by March 1, 2010.

       (2) Discovery may be needed by Plaintiff concerning the following:

          Defendant's asserted reasons for assigning, re-assigning, or failing to assign female security officers to particular clients; the identities of witnesses and their knowledge of the job performance of female security officers, including Ms. Birkner, Ms. Jones, and Ms. Bass; and evidence concerning employee wages and other matters relevant to the claims for damages. Plaintiff may also need to discover the basis for Defendant's asserted defenses and affirmative defenses.

          Discovery may be needed by Plaintiff-Intervenor concerning the following: written and unwritten policies and procedures, complaints by other female employees, method of allocating work assignments, pay scales and rates for employees, disciplinary write-ups and evaluations for Plaintiff-Intervenor, and all communications regarding Plaintiff-Intervenor.

          Discovery may be needed by Defendant concerning the following:

          Evidence relating to the knowledge of potential witnesses, facts, circumstances, investigation and outcome of any charge of discrimination filed with the EEOC concerning or relating to Defendant and/or of its

3

  customers, and which pertains or relates to the alleged discrimination against women where Defendant provided security officers in the Greater Houston, Texas area.

  The identities of witnesses and their knowledge of facts and circumstances relating to the claims and damages sought by Plaintiff and Intervening Plaintiff.

  Evidence relating to all potential class members, including Ms. Birkner, Ms. Jones, and Ms. Bass, concerning their background, charges of discrimination, credibility, work experience with Defendant (and its customers), statements relating to Defendant or any of its customers/employees, conversations with employees of Defendant and its customers, their claims and damages made in this litigation, and Defendant's defenses and affirmative defenses asserted in this case.

  Evidence relating to the knowledge of any potential witnesses identified by Plaintiff or Intervening Plaintiff in their initial disclosures, the depositions in this case or in response to Defendant's interrogatories.

  Evidence relating to the facts and circumstances of Ms. Birkner's (and any other class members') termination with Defendant.

  Evidence relating to Ms. Birkner's Equal Pay Act claim.

(3)  Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

  As the amount of electronically stored information relevant to this matter should not be extensive, any such information will be produced initially in paper copy form; should there be a need for production in electronic form, the parties will work together to coordinate the terms of any such production and the allocation of costs for same. Defendant has requested that class members including Ms. Birkner preserve all electronically stored information, including that stored on computers, telephones, hand held devices and social networks.

(4)  Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order.

4

        The parties have had discussions about this issue, but have not agreed on any provisions beyond those required by Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502. The parties will discuss this issue with the Court at the Initial Pretrial/Case Management Conference.

(5)     The parties do not believe that discovery need be subjected to limits other than those imposed by the applicable federal and local rules.

(6)     Defendant will file a motion for a protective order generally and pursuant to FRE 502(d) prior to the case management conference with the court.

B.     **When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff and Plaintiff-Intervenor anticipate sending interrogatories to Defendants within forty-five (45) days of initial disclosures. Plaintiff and Plaintiff-Intervenor reserve the right to submit additional interrogatories if necessary so long as such submissions are consistent with the Federal Rules of Civil Procedure and the local rules of this Court.

C.     **When and to whom the defendant anticipates it may send interrogatories.**

Defendant anticipates sending its first interrogatories to Plaintiff and Intervening Plaintiff as soon as possible but not later than 45 days after the time for making initial disclosures. Defendant reserves the right to submit additional interrogatories before or after this time so long as such submission is consistent with the scheduling order, *Federal Rules of Civil Procedure* and the local rules of this Court.

D.     **Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates deposing Michael Thomas, Terry Schaffer, Randy Sertain, and other fact witnesses [including Guardsmark agents who may have knowledge of the basis for job assignments given to female security officers] who may be identified during the course of discovery. Plaintiff may also depose any expert designated by Defendant. Plaintiff anticipates taking the depositions of the fact witnesses within 180 days of the Scheduling Conference. Plaintiff-Intervenor believes that a Fed. R. Civ. P. 30(b)(6) deposition of Defendants may be necessary.

E. **Of whom and by when the defendant anticipates taking oral depositions.**

Defendant anticipates deposing Aneda Birkner, Danielle Jones, Corisha Bass and any other class member identified during discovery. Additionally, Defendant may depose any other fact witness who may be identified during the course of investigation and discovery including its customers and employees of its customers. Defendant reserves the right to depose the EEOC investigators and take a Rule 30(b)(6) deposition of the EEOC. Defendant may also depose any expert designated by Plaintiff or Intervening Plaintiff. Defendant also reserves the right to take any evidentiary depositions for persons who may be unavailable at trial. Defendant anticipates taking the depositions of fact witnesses within 180 days of the time of the production of initial disclosures.

F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff and Plaintiff-Intervenor (or Defendant for an issue on which it has the burden of proof) will designate experts and provide reports by July 1, 2010. Opposing party experts will be designated, and their reports provided, by August 20, 2010.

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B)(expert report)).**

Plaintiff may depose experts designated by Defendant. Any such depositions should be completed by October 15, 2010. Assuming Defendant has the burden of proof it will take the deposition of any opposing expert designated by Plaintiff or Intervening Plaintiff on or before October 15, 2010.

H. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B)(expert report).**

Defendant will take the deposition of any expert identified by Plaintiff and Intervening Plaintiff on or before October 15, 2010.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Not applicable.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    None.

13. **State the date the planned discovery can reasonably be completed.**

    October 15, 2010.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The parties may revisit settlement negotiations after initial disclosures have been exchanged and some discovery has been completed by all parties.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    The parties have agreed to consider mediation after initial disclosures have been exchanged and some discovery has been completed by all parties.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    Mediation is the preferred method of alternative dispute resolution. Mediation may be effective toward the completion of discovery.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    Currently, all parties have not consented on a trial before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

    A timely jury demand has been made.

19. **Specify the number of hours it will take to present the evidence in this case.**

    Approximately 32-40 hours.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    Defendant's motion for a protective order could be ruled upon at the hearing on February 12, 2010, although depending on the content of the motion, Plaintiff and/or Plaintiff-Intervenor may wish to have 21 days to respond, in accordance with Southern District of Texas LR 7.3.

21. **List other pending motions.**

    None.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    None.

23. **Certify that all parties have filed Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

    Plaintiff EEOC filed a Certificate of Interested Parties on October 2, 2009. Plaintiff-Intervenor Birkner filed a Certificate of Interested Parties on January 4, 2010. Defendant Guardsmark, LLC. filed a Certificate of Interested Parties on October 21, 2009.

24. **List the names, bar numbers, addresses, email addresses, and telephone numbers of all counsel.**

    **Counsel for Plaintiff Equal Employment Opportunity Commission:**

    Timothy M. Bowne           Rose Adewale-Mendes
    Texas Bar No. 00793371     Ohio Bar No. 0024652
    S.D. Tex. ID No. 20023     S.D. Tex. ID No. 10541
    telephone: (713) 209-3395  telephone: (713) 209-3404
    timothy.bowne@eeoc.gov     rose.adewale-mendes@eeoc.gov

    Equal Employment Opportunity Commission
    Houston District Office

8

      1919 Smith Street, 6th Floor
      Houston, Texas 77002
      Facsimile:  (713) 209-3402

**Counsel for Plaintiff-Intervenor Aneda T. Birkner**

Jo Miller
Texas Bar No. 00791268
S.D. Tex. No. 20385
Law Office of Jo Miller, P.L.L.C.
505 North Main, Carriage House
Conroe, Texas 77301
Telephone:  (936) 539-4400
Fax:  (936) 539-4409
jmiller@jomillerlaw.com

**Counsel for Defendant Guardsmark LLC**

| | |
|---|---|
| Edward R. Young, Pro Hac Vice | Robert M. Williams, Pro Hac Vice |
| Tennessee Bar No.  008373 | Tennessee Bar No. 008653 |
| BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC | BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC |
| 165 Madison Avenue, Suite 2000 | 165 Madison Avenue, Suite 2000 |
| Memphis, Tennessee 38103 | Memphis, Tennessee 38103 |
| Tel:  (901) 577-2341 | Tel:  (901) 577-2215 |
| Fax: (901) 577-0879 | Fax: (901) 577-4222 |
| eyoung@bakerdonelson.com | rwilliams@bakerdonelson.com |

APPROVED:


_/s/ Timothy M. Bowne_            __2/2/10_____
Counsel for Plaintiff               Date


_/s/ Jo Miller_               __2/2/10_____
Counsel for Plaintiff-Intervenor          Date


_/s/ Edward R. Young_           __2/2/10_____
Counsel for Defendant             Date