IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>　　　　Plaintiff,<br><br>and<br><br>ANEDA BIRKNER,<br>　　　　Plaintiff-Intervenor<br><br>v.<br><br>GUARDSMARK, LLC<br>　　　　Defendant. | C.A. NO. 4:09-cv-03062<br><br>**JURY TRIAL** |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ORDER AUTHORIZING AND REQUIRING DISCLOSURE OF HIPAA PROTECTED INFORMATION SUBJECT TO QUALIFIED PROTECTIVE ORDER**

COMES NOW Defendant Guardsmark, LLC ("Guardsmark"), and in support of its Motion for an Order Authorizing and Requiring Disclosure of HIPAA Protected Information Subject to A Qualified Protective Order, states as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

Intervening Plaintiff, Aneda T. Birkner ("Intervening Plaintiff") has raised the issue of her physical and mental health both in her Original Complaint in Intervention ("Intervening Complaint") and her responses to Defendant's First Set of Interrogatories to Intervening Plaintiff. First, Intervening Plaintiff filed her Intervening Complaint on November 12, 2009 seeking compensation, in part, for "emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses." [D.E. 15, Intervening Complaint, ¶ 44(e)].

Subsequently, Guardsmark propounded its first set of interrogatories to Intervening Plaintiff, including Interrogatory No. 4, which asks:

> If any diagnosis or treatment has been made or given by any doctor, physician, psychologist, psychiatrist, health care provider, or counselor concerning any injury, illness, condition or disability to Plaintiff allegedly <u>caused by Defendant</u>, please state the following:
>
> (a) identity of each and every person involved in the examination, treatment or care…
>
> (b) the diagnosis . . . .

[Intervening Plaintiff's Responses to Defendant's First Set of Interrogatories ("Intervening Plaintiff's Discovery Responses"), attached hereto as Exhibit 1 (emphasis added)]. In response, Intervening Plaintiff named We Care Affordable HealthCare, Dr. Mukarrum Baig and Heart Care Center of Nwest Houston as having treated plaintiff for "weight gain, high blood pressure, and depression" related to Intervening Plaintiff's alleged harassment, discrimination and subsequent termination by Defendant. [Intervening Plaintiff's Discovery Responses].

On May 20, 2010, Counsel for Guardsmark, seeking Intervening Plaintiff's cooperation, prepared and forwarded to Intervening Plaintiff's Counsel a proposed HIPAA-complaint joint motion, a proposed order authorizing the release of Intervening Plaintiff's protected health information, and a proposed qualified protective order governing the parties' use of such health information upon receipt. [*See* documents attached hereto as Exhibit 2]. Intervening Plaintiff's Counsel refused to consent to any of these documents. [*See* email correspondence dated May 20, 2010, attached hereto as Exhibit 3]. Rather she wanted to obtain the medical records and turn only the records over to Defendant that she thinks are relevant to this litigation.

2

## ARGUMENT AND AUTHORITY

**A.** **HIPAA Disclosure Requirements**

Under the Health Insurance Portability and Accountability Act ("HIPAA"), health information is protected from disclosure except under certain conditions specified in 45 C.F.R. 164.512. HIPAA defines protected health information to include "any information, whether oral or recorded in any form or medium that is created and received by a health care provider and relates the past, present or future physical or mental health or condition of an individual." 42 U.S.C. § 1320(4). The steps necessary to obtain protected health information during a judicial proceeding are outlined in 45 C.F.R. 164.512(e). In pertinent part, 45 C.F.R. 164.512(e) provides:

> (1) Permitted disclosures. A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:
>
> (i) In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order; or
>
> (ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:
>
> (A) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or
>
> (B) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iv) of this section, from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section.
>
> * * *
>
> (v) For purposes of paragraph (e)(1) of this section, a qualified protective order means, with respect to protected health information requested under paragraph

(e)(1)(ii) of this section, an order of a court or of an administrative tribunal or a stipulation by the parties to the litigation or administrative proceeding that:

(A) Prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and

(B) Requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.

Thus, absent a HIPAA-complaint authorization executed by Intervening Plaintiff to release her protected health information, her health care providers may release the information to Guardsmark pursuant to: (1) court order; (2) a subpoena in combination with assurances either that Guardsmark has (a) given Intervening Plaintiff notice of the request or (b) made reasonable efforts to secure a qualified protective order. *Id.* Because Intervening Plaintiff will not consent to submitting a joint motion and proposed order, Guardsmark now moves to obtain a court order pursuant to subpart (i) of the regulation. Although not necessary under subpart (i), Guardsmark nevertheless moves that any order authorizing release of Intervening Plaintiff's health information be subject to a qualified protective order.

B.   **Guardsmark is Entitled to Review the Health Information in the Possession of Plaintiff's Health Care Providers**

By alleging in her Intervening Complaint that Guardsmark has caused her "emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses", and subsequently averring in her written discovery responses that she received medical treatment for "weight gain, high blood pressure, and depression" as a result of Guardsmark's actions, Plaintiff has placed her physical and mental health directly at issue in this matter. As such, Guardsmark is entitled to Intervening Plaintiff's health information that is in the possession of each and every health care provider that she has identified as having diagnosed or treated her for any injury, illness, condition or disability allegedly caused by Guardsmark, because such

4

information may lead to the discovery of admissible evidence with respect to her claims. See Fed. R. Civ. P. 26(b)(1).

Based upon the statements of counsel when she refused to consent to the present motion and a proposed order, Guardsmark anticipates Intervening Plaintiff will assert that certain aspects of Intervening Plaintiff's health information is irrelevant to this matter. When Counsel for Guardsmark attempted to work with Intervening Plaintiff's Counsel with respect to satisfying the HIPAA disclosure requirements, Intervening Plaintiff's Counsel advised: "I am not going to agree to let you rummage through [Intervening Plaintiff's] private medical records which have no bearing on this case." [Exhibit 3]. Instead, Counsel advised that *she* would review and determine for Guardsmark what medical records were relevant and provide Guardsmark copies of the same: "We will request Ms. Birkner's medical records and supply the relevant portions, if any to you." [Exhibit 3].

However, whether certain aspects of Intervening Plaintiff's medical records "have bearing" on this case is irrelevant to whether Guardsmark is entitled to their disclosure. As the Court well knows, discovery is extremely broad, and Guardsmark is entitled to disclosure of even inadmissible information that may ultimately lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Furthermore, while Guardsmark acknowledges and respects the privacy of Intervening Plaintiff's medical information, Intervening Plaintiff herself placed her medical condition at issue in this case. To the extent that her medical records contain information that is not at issue in this matter, her concerns with respect to privacy should be satisfied by the qualified protective order requested in this Motion.

## **CONCLUSION**

Guardsmark is entitled to disclosure of Intervening Plaintiff's health information in the possession of the health care providers identified in her written discovery responses. Therefore, Guardsmark respectfully requests that the Court issue an Order authorizing and requiring disclosure of HIPAA protected information to Guardsmark or its counsel. Guardsmark further requests that the Court enter a Qualified Protective Order with respect to any such HIPAA protected information.

Respectfully Submitted:

/s/ Edward R. Young
Edward R. Young
Pro Hac Vice
(Tennessee BPR # 008373)
Attorney-In-Charge
eyoung@bakerdonelson.com

Robert M. Williams, Jr.
Pro Hac Vice
(Tennessee BPR # 008653)
rwilliams@bakerdonelson.com.

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Tel: (901) 577-2215
Fax: (901) 577-4222

*Attorneys for Guardsmark LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 26th day of May, 2010, a copy of the foregoing electronically filed Memorandum of Law in Support of Motion for Order Authorizing and Requiring Disclosure of HIPAA Protected Information Subject to Qualified Protected Order was served on the parties listed below by first class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party:

>Timothy M. Bowne
>Senior Trial Attorney
>Attorney in Charge
>U. S. Equal Employment
>Opportunity Commission
>Houston District Office
>1919 Smith Street, 6th Floor
>Houston, Texas 77002
>email: timothy.bowne@eeoc.gov
>
>Jo Miller
>Law Office of Jo Miller, PLLC
>505 N. Main
>Carriage House
>Conroe, Texas 77602
>email: jmiller@jomillerlaw.com

>>s/Edward R. Young
>>Edward R. Young