IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| and | § § | |
| ANEDA BIRKER, | § § | |
| Plaintiff-Intervenor | § § | |
| V. | § | CIVIL ACTION NO.: 4:09-cv-03062 |
| GUARDSMARK, LLC | § § | **JURY TRIAL** |
| Defendant. | § § | |

## MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION FOR ORDER AUTHORIZING AND REQUIRING DISCLOSURE OF HIPAA PROTECTED INFORMATION SUBJECT TO QUALIFIED PROTECTIVE ORDER

Before the Magistrate Judge upon referral from the District Judge is Defendant's Motion for Order Authorizing and Requiring Disclosure of HIPAA Protected Information Subject to Qualified Protective Order (Document No. 35). After considering the parties' submissions and the applicable law, the Court ORDERS, for the reasons set forth below, that Defendant's Motion is GRANTED. Defendant is entitled to limited disclosure of HIPAA protected information that is relevant to Plaintiff-Intervenor's physical and mental injuries allegedly caused by Defendant. Specifically, Defendant may discover Plaintiff-Intervenor's relevant medical records from We Care Affordable HealthCare, Dr. Mukarrum Baig, and Heart Care Center of Nwest Houston from September 2009 onward. (Document 35-2, 5). Required disclosure shall be limited in

accordance with the "[Joint Proposed] Order Authorizing Disclosure of Protected Health Information" and the "[Joint Proposed] Qualified Protective Order." (Document No. 35-3).

## I. Introduction

Plaintiff-Intervenor Aneda Birkner ("Birkner") is suing Defendant Guardsmark, LLC, ("Guardsmark") for injuries she claimed to have suffered as a result of alleged harassment, discrimination, and subsequent termination by Guardsmark. (Def.'s Memo, 1–2). Birkner is seeking compensation, inter alia, for "emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses." *Id.* at 2. In response to an interrogatory, Birkner stated that, beginning in September 2009, she received medical treatment from We Care Affordable HealthCare, Dr. Mukarrum Baig, and Heart Care Center of Nwest Houston for "weight gain, high blood pressure, and depression" related to her injuries allegedly caused by Guardsmark. (Document 35-2, 5). The present matter concerns the disclosure of medical records related to that treatment.

Guardsmark conferred with Birkner in an effort to obtain her relevant medical records prior to filing this Motion. Fed. R. Civ. P. 37(a)(1). On May 20, 2010, Guardsmark sent Birkner a proposed order authorizing the release of her relevant medical records and a qualified protective order governing the parties' use of such HIPAA protected information. (Def.'s Memo, 2). Birkner refused to consent to any of the proposed orders. *Id.* Instead, Birkner stated that she would only disclose the medical records that she thinks are relevant to this litigation. *Id.* Guardsmark now asks this Court to authorize and compel the disclosure of Birkner's HIPAA protected medical records. *Id.* at 1.

## II. Discussion

Birkner is claiming compensatory damages for "emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses." (Def.'s Memo, 1). It is true that Birker's claims, by themselves, do not place her physical and mental health at issue. *Burrell v. Crown Central Petroleum*, 177 F.R.D. 376, 380–84 (E.D. Tex. 1997) (citing *Patterson v. P.H.P. Healthcare*, 90 F.3d 927, 938–941 (5th Cir. 1996); and, *Carey v. Piphus*, 435 U.S. 247, 255–56 (1978)). However, the present case is distinguishable because there has been a greater showing that Birkner's physical and mental condition has been placed in controversy. *Lahr v. Fulbright & Jaworski*, 164 F.R.D. 204, 210 n. 2 (N.D. Tex 1996). In her interrogatory, Birkner stated that she received medical treatment from We Care Affordable HealthCare, Dr. Baig, and Heart Care Center of Nwest Houston for "weight gain, high blood pressure, and depression" related to her injuries allegedly caused by Guardsmark. (Def.'s Memo, 2). This response indicates that Birkner's mental anguish claims are something more than the "garden variety" type of claims that are incidental to job related discrimination. *Lahr*, 164 F.R.D. at 201 n.2.

The present case is also distinguishable from a situation where a party is asking the court to order medical examinations:

> Asking for mental anguish damages does not place a plaintiff's physical or mental condition "in controversy," and it will not justify a medical or psychological examination . . . . In the present case, however, the dispute is not about independent medical examinations. . . [Defendant] only wants access to plaintiffs' medical records. . . .

*Burrell*, 177 F.R.D at 380.

Even if the plaintiffs' mental conditions are not in controversy, the plaintiffs' medical records can be relevant and discoverable if they shed light on other contributing causes to plaintiffs' mental anguish. *Id*. Because the medical records regarding Birkner's aforementioned treatment could

3

shed light on contributing causes of her mental anguish, those records are "relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1).

Guardsmark has shown "good cause" that limited disclosure of Birkner's relevant medical records is at least "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Guardsmark also made a good faith effort to obtain Birkner's relevant medical records prior to filing this Motion. Fed. R. Civ. P. 37(a)(1). Therefore, Guardsmark is entitled to limited disclosure of Birkner's HIPAA protected medical records, pursuant to 45 C.F.R. § 164.512(e)(i), but only to the extent that such records are relevant to the physical and mental injuries Birkner allegedly sustained as a result of Guardsmark's tortious conduct. (Def.'s Memo, 1–3). Specifically, Guardsmark may discover Birkner's medical records from We Care Affordable Health Care, Dr. Baig, and Heart Care Center of Nwest Houston from September 2009 onward. (Document No. 35-2, 5).

Birkner's privacy is adequately protected from abusive discovery under the conditions set forth in Guardsmark's "[Joint Proposed] Qualified Protective Order." (Document No. 35-3). Birkner's and EEOC's memoranda exaggerate the risk of a "fishing expedition[.]" (Pl. EEOC's Resp., 3). While an *in camera* inspection of Birkner's medical records may be less "intrusive," Birkner cites no case law requiring *in camera* inspection in place of the disclosure proposed by Guardsmark. (Pl.-Intervenor's Resp., 2). There is no evidence in this case of a "tremendous potential for [discovery] abuse" nor would Guardsmark have "unfettered access" to Birkner's medical records. *Burell*, 177 F.R.D. at 384. Should Guardsmark engage in intrusive and abusive discovery following this Order, Birkner may ask the Court for protections and sanctions against Guardsmark pursuant to Fed. R. Civ. P. 26(b–c).

## III. Conclusion and Order

For the reasons stated above, the Court ORDERS that Defendant's Motion for Order Authorizing and Requiring Disclosure of HIPAA Protected Information Subject to Qualified Protective Order (Document No. 35) is GRANTED. Guardsmark is entitled to limited disclosure of Birkner's HIPAA protected medical records from We Care Affordable Health Care, Dr. Baig, and Heart Care Center of Nwest Houston from September 2009 onward insofar as they are relevant to her physical and mental injuries allegedly caused by Guardsmark. (Document No. 35-2, 5).  Required disclosure shall be limited in accordance with the "[Joint Proposed] Order Authorizing Disclosure of Protected Health Information" (Document No. 35-3) and the "[Joint Proposed] Qualified Protective Order." (*Id.*)

SIGNED at Houston, Texas, this 12th day of June, 2010.

*Frances H. Stacy*
FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE